IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

SHANNON LABRANCE HORNE,

Plaintiff,

v.

GARRETT NEVIL; KAYE DRIGGERS; and
JOHN STATEN,

Defendants.

CIVIL ACTION NO.: 6:15-cv-44

## ORDER

Presently before the Court are Defendant Staten's Objections to the Magistrate Judge's Report and Recommendation. (Doc. 59). After an independent and *de novo* review of the entire record, the undersigned concurs with the March 7, 2017, Report and Recommendation, (doc. 57). Accordingly, the Court **OVERRULES** Defendant's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation, as supplemented herein, as the opinion of the Court.

## BACKGROUND

Plaintiff filed this action pursuant to 42 U.S.C. § 1983, contending that Defendants were deliberately indifferent to his serious needs when they refused to provide him with antiviral medication to treat his Human Immunodeficiency Virus ("HIV"). (Doc. 1.) The Court conducted the requisite frivolity review, (doc. 14), and Defendants then filed Motions to Dismiss, or in the Alternative, Motions for Summary Judgment, (docs. 34, 36), to which Plaintiff filed a Response, (doc. 42). Subsequently, the Court invited supplemental briefing as to the issue of Plaintiff's exhaustion of administrative remedies. (Doc. 47.) Defendants filed supplemental memorandums and Plaintiff filed a Response, to which Defendants Replied. (Docs. 48–50, 52,

54.) On March 7, 2017, the Magistrate Judge recommended that the Court deny Defendants' Motions to Dismiss, grant Defendants' Nevil and Driggers' Motions for Summary Judgment, and deny Defendant Staten's Motion for Summary Judgment. (Doc. 57.)

## DISCUSSION

Defendant Staten filed Objections to the Magistrate Judge's recommendation that the Court deny Defendant Staten's Motion for Summary Judgment. (Doc. 59.) Defendant Staten contends that: 1) there is insufficient evidence to establish that Defendant Staten's conduct resulted in injury to Plaintiff; 2) there is insufficient evidence to establish that Defendant Staten deliberately disregarded a serious medical need; and 3) Plaintiff was required to exhaust his administrative remedies. (Id. at pp. 3–10.) The Court addresses each of these Objections in turn.

I.  **Whether Defendant Staten's Conduct Resulted in Injury to Plaintiff**

Defendant Staten objects to the Magistrate Judge's finding that, at least "at this stage of the litigation, it appears that Plaintiff was directly injured by [Defendant Staten's] failure to provide Plaintiff with his necessary antiviral medication." (Doc. 57, p. 20; Doc. 59, p. 3.) Defendant Staten argues that Plaintiff fails to provide sufficient "verifying medical evidence" to support his claims that his viral load increased and that he suffered night sweats, vomiting, and diarrhea. (Doc. 59, p. 3.)

However, as the Magistrate Judge noted, Plaintiff did in fact provide a copy of his medical history to support his allegations. (Doc. 57, p. 20; Doc. 42-3, p. 20.) In his medical report, medical staff noted that Plaintiff was "without his HIV medications for 25 days" and reported "night sweats . . . vomiting at night that is mostly yellowish in content, nonbilious and nonbloody . . . [and] occasional watery diarrhea." (Doc. 42-3, p. 20.) Furthermore, this medical history report includes Plaintiff's viral load of 341 at the time the exam was conducted. (Id.)

Plaintiff's blood results from January 27, 2015 reveal that his prior viral load—when he was still regularly taking his antiviral medication—was less than 20. (Doc. 36-2, p. 32.) Accordingly, the Magistrate Judge did not err in concluding that the record contained sufficient evidence to create a question of fact as to whether Plaintiff was injured as a result of Defendant Staten's conduct.

Defendant further argues that this medical history was "made in January 2016, <u>eleven months</u> after the events at issue in this lawsuit" and thus, not appropriate evidence linking Plaintiff's injury to the delay.[1] (Doc. 59, p. 4 (emphasis in original).) It is true that the report was printed in January of 2016 and possibly provided in conjunction with a medical visit that also occurred in January of 2016. However, the section upon which the Magistrate Judge relied is directly labeled "PMHx" or Past Medical History. Family Medicine Reference, http://www.fammedref.org/glossary (last visited Mar. 20, 2017). Furthermore, although undated, the notes indicate that the relevant entry was made soon after the alleged events giving rise to this lawsuit. Specifically, the medical notes state that Plaintiff was present at the clinic for "re-enrollment and treatment evaluation. He was transferred to Bulloch County for court hearings." (Doc. 42-3, p. 20.) Thus, the Magistrate Judge did not err in relying on this past medical history.

## II. Whether Defendant Staten Deliberately Disregarded Plaintiff's Serious Medical Need

Defendant Staten also argues that the Magistrate Judge erred in determining that there is an issue of fact as to whether Defendant Staten deliberately disregarded Plaintiff's serious medical need. (Doc. 59, p. 8.) Specifically, Defendant takes issue with the Magistrate Judge's inference that Defendant Staten did not approve Plaintiff's medication because it was too expensive or because Plaintiff would be transferred back to state custody. (<u>Id.</u>) However,

---

[1] Defendant also appears to argue that Plaintiff's statements made to medical personnel and documented in his medical record are not sufficient "verifying medical evidence" and are simply conclusory statements. (Doc. 59, pp. 4–6.) However, the Court notes that such evidence would ordinarily be considered admissible hearsay evidence under Federal Rules of Evidence 803(4). F.R.E. 803(4).

Defendant's Objections only highlight what the Magistrate Judge ultimately determined, that the record contains sufficient evidence to create a dispute of material fact as to whether Defendant Staten acted with more than gross negligence in denying Plaintiff's medication. Defendant Staten's reason for the delay is but one prong of the gross negligence analysis. As the record stands, there is a dispute of material fact as to whether Defendant Staten's reason for denying Plaintiff his antiviral medication was due to cost, transfer back to state custody, or something else altogether. Accordingly, the Court cannot decide as a matter of law that Defendant Staten did not act with more than gross negligence in denying Plaintiff medical treatment.

### III. Whether Plaintiff Exhausted his Available Administrative Remedies

Defendant Staten simply reiterates his arguments regarding Plaintiff's exhaustion of administrative remedies previously presented in his Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, and his supplemental memorandums. The Magistrate Judge adequately addressed these contentions, and the Court concurs with the Magistrate Judge's analysis.

### CONCLUSION

The Court **OVERRULES** Defendant Staten's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation, as supplemented herein, as the opinion of the Court. Accordingly, the Court **DENIES** Defendants' Motions to Dismiss. However, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Nevil and Staten's Motion for Summary Judgment, (doc. 34). Specifically, the Court **GRANTS** the Motion for Summary Judgment as to Defendant Nevil, but **DENIES** the Motion for Summary Judgment as to Defendant Staten. The Court also **GRANTS** Defendant Driggers' Motion for Summary Judgment, (doc. 36). Furthermore, the Court **DENIES** Plaintiff leave to appeal *in forma*

*pauperis* the Court's decision as to Defendant Nevil's and Defendant Driggers' Motions for Summary Judgment.

**SO ORDERED**, this 27th day of March, 2017.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA